UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CORNETHA MILLER,

        Plaintiff,

v.                                                                      Case No. 8:13-cv-00952-T-17AEP

UNITED STATES POSTAL SERVICE,

        Defendant.

_____/

**REPORT AND RECOMMENDATION**

Proceeding *pro se*, Plaintiff Cornetha Miller filed a Complaint (Dkt. No. 1) alleging

purported violations under the Federal Tort Claims Act when she allegedly slipped and fell in the

parking lot in front of a post office on January 19, 2010.  Plaintiff appears to request $500,000.00

in compensatory damages.  (Dkt. No. 1 at 4.)  Currently before the Court is Plaintiff's Affidavit

of Indigency (Dkt. No. 2), which the Court construes as a motion for leave to proceed *in forma*

*pauperis*.  For the reasons that follow, I recommend that the Motion be denied and Plaintiff be

given up to and including May 20, 2013, to pay the requisite filing fee.[1]

Plaintiff fails to meet the requirements to proceed *in forma pauperis*.  The *in forma*

*pauperis* statute[2] is designed to ensure "that indigent persons will have equal access to the judicial

---

[1] The District Judge referred Plaintiff's construed Motion for Leave to Proceed *in forma pauperis* (Dkt. No. 2) under 28 U.S.C. § 636 (2006).

[2] *See* 28 U.S.C. §1915(a) (2006) (providing that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor").

system." *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (per curiam) (citing

*Coppedge v. United States*, 369 U.S. 438, 446-47 (1962)). The right to file *in forma pauperis* in

civil matters is not absolute; "it is a privilege extended to those unable to pay filing fees . . . ."

*Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (per curiam).[3] In determining *in*

*forma pauperis* eligibility, "courts will generally look to whether the person is employed, the

person's annual salary, and any other property or assets the person may possess." *Schneller v.*

*Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18,

2006) (citation omitted). In the instant case, Plaintiff receives $1,301.00 as monthly disability

income, Plaintiff's spouse is employed and receives $1,200.00 as monthly income, and jointly,

Plaintiff and her spouse own real property that has an estimated worth of $38,000.00. (Dkt. No.

2 at 2-3.) Plaintiff does not contribute to her dependents' support on a monthly basis. (Dkt. No.

2 at 2.) Furthermore, although Plaintiff has monthly expenses and debts totaling approximately

$1,442.19[4], Plaintiff's joint monthly income exceeds her monthly expenses and debts by

approximately $1,058.81. As such, Plaintiff's access to the courts does not seem to be blocked

by her financial status. *See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 686 F.

Supp. 385, 388 (N.D.N.Y. 1988) (finding that defendant was not entitled to proceed *in forma*

*pauperis* where he and his wife had combined annual income of between $34,000.00 and

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[4] This includes the full mortgage payment of $786.19, which presumably Plaintiff jointly pays with her spouse. (*See* Dkt. No. 2 at 3).

$37,000.00); *Behmlander v. Comm'r of Soc. Sec.*, No. 12-CV-14424, 2012 WL 5457466, at *2

(E.D. Mich. Oct. 16, 2012) (recommending that plaintiff's *in forma pauperis* request be denied

where spouse had monthly income of $2,500.00, the couple owned a home, and had no

dependents); *Powell v. Harris*, Civ. No. 1:08-CV-344, 2008 WL 4279494, at *3 (N.D.N.Y. Sept.

15, 2008) (recommending plaintiff's motion to proceed *in forma pauperis* be denied where

plaintiff earned $350.00 per week and had $1,500.00 in his savings account).[5]

Accordingly, after due consideration, it is hereby

RECOMMENDED:

1.  Plaintiff Cornetha Miller's construed Motion to Proceed *in forma pauperis* (Dkt. No.

2) be DENIED.

2.  Plaintiff shall have up to and including May 20, 2013, to pay the requisite filing fee

to the Clerk.  If Plaintiff fails to pay the requisite filing fee to the Clerk within the allotted time,

then this action should be dismissed.

IT IS SO REPORTED in Tampa, Florida, on this 22nd day of April, 2013.

---

[5]  The Court has not reviewed the construed Motion to Proceed *in forma pauperis*
(Dkt. No. 2) under the standard for frivolity or failure to state a claim upon which relief may
be granted because the Court has determined that Plaintiff fails to meet the threshold financial
requirements of proceeding *in forma pauperis*.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (stating
that when an application to proceed *in forma pauperis* is filed, the Court must review the case
and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to
state a claim upon which relief may be granted, or seeks monetary relief against a defendant
who is immune from such relief).

ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations

contained in this report within fourteen (14) days from the date it is served on the parties shall bar

an aggrieved party from a *de novo* determination by the District Court of issues covered in the

report, and shall bar the party from attacking on appeal factual findings in the report accepted or

adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.

*See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72; Local Rule 6.02; *Thomas v. Arn*, 474 U.S. 140,

155 (1985); *Williams v. McNeil*, 557 F.3d 1287, 1291-92 (11th Cir. 2009); *Nettles v. Wainwright*,

677 F.2d 404 (5th Cir. Unit B 1982) (en banc).


cc:    Hon. Elizabeth A. Kovachevich
       Plaintiff, *pro se*